[Cite as *State v. Robinson*, 2012-Ohio-5510.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98072**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIAM ROBINSON, SR.

DEFENDANT-APPELLANT

**JUDGMENT:
AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-521825

**BEFORE:**   Stewart, J., Blackmon, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   November 29, 2012

**ATTORNEY FOR APPELLANT**

Adam M. Van Ho
Burdon and Merlitti
137 South Main Street, Suite 201
Akron, OH    44308


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Mary H. McGrath
            Anna M. Faraglia
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant William Robinson pleaded guilty to one count of attempted manslaughter as a result of his refusal to obtain any medical treatment whatsoever for his cancer-stricken, eight-year-old son, who died of complications brought on by Hodgkin's lymphoma.[1]  Robinson complains on appeal that (1) he was denied the right to counsel during sentencing when the court refused to allow him to cross-examine two medical doctors who described the nature of Hodgkin's lymphoma, its affect on children, and the survival rate of the cancer if treated and (2) that the court erred by allowing a caseworker from the Department of Children and Family Services to give a victim impact statement.

I

{¶2} The first assignment of error complains that Robinson was denied his right to counsel by the court's refusal to allow his attorney to cross-examine two medical doctors who gave statements at sentencing concerning the victim's medical condition and his likelihood of survival had Robinson sought treatment for him.  Robinson claimed to have been unaware of the child's physical condition, that he lacked medical insurance, and could not otherwise afford medical care for the child.  The doctors collectively told the

---

[1]Robinson's wife, Monica Hussing, was similarly charged and likewise pleaded guilty to attempted manslaughter.  We affirmed her conviction in *State v. Hussing*, 8th Dist. No. 97972, 2012-Ohio-4938.

court that the child's advanced cancer would have been obvious from his deteriorating physical condition, that there were many options for treatment of patients without insurance or funds, that it would have been unethical for a doctor to turn away any patient with a cancer diagnosis, and that had the child received timely medical care, there was a 90 percent survival rate.

{¶3} The right to counsel attaches to all critical stages of trial. Sentencing is considered a critical stage to which the right of counsel attaches. *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977).

{¶4} But Robinson's assignment of error is not really a complaint that he was denied the right to counsel. His claim is that the court refused to allow his attorney the ability to cross-examine the doctors who gave statements to the court. This is a confrontation claim under the Sixth Amendment to the United States Constitution that gives the accused the right to be confronted with the witnesses against him. *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985).

{¶5} As a general rule, there is no right to confrontation during sentencing. *See Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949) (a criminal defendant's Sixth Amendment right of confrontation does not extend to sentencing hearings); *State v. Moore*, 8th Dist. No. 86224, 2006-Ohio-816, ¶ 8; *State v. Williams*, 11th Dist. Nos. 2007-L-131 and 2007-L-137, 2008-Ohio-2122, ¶ 35-36; *United States v. Tardiff*, 969 F.2d 1283, 1287 (1st Cir.1992); *United States v. Silverman*, 976 F.2d 1502 (6th Cir.1992) (en banc). Robinson's argument is an attempt to recast a settled

confrontation clause argument into a right to counsel claim.  The court did not err by refusing to sustain Robinson's request to cross-examine the medical doctors who gave statements relating to the care and prognosis for Hodgkin's lymphoma patients.

II

{¶6} The second assignment of error complains that the court erred by reading portions of a letter prepared by a caseworker from the Cuyahoga County Department of Children and Family Services (the "agency").  The letter detailed how the agency took temporary custody of the remaining siblings, the caseworker's description of the emotional trauma the siblings suffered from their parents' crimes, and how Robinson and his wife failed to take "full or appropriate" advantage of unrestricted visitations with the children.  This letter was in addition to a statement made by an aunt who took custody of the child's siblings when they were removed from Robinson's custody after the child died.  Part of the aunt's statement, given as though made in the first-person by the child, detailed the impact the crime had on him.  The second part of the aunt's statement detailed how the crime had personally affected her.  Robinson argues that the court should not have allowed two people to act as the child's representative.

{¶7} R.C. 2929.19(A) allows the defendant, the prosecuting attorney, the victim, or the victim's representative, and "any other person" with the court's permission, to "present information relevant to the imposition of sentence in the case."  When the victim of an offense is a minor or deceased, a designated person "may exercise the rights of the victim under this chapter as the victim's representative."  If more than one person

seeks to act as the victim's representative for a particular victim, the sentencing court "shall designate one of those persons as the victim's representative." *Id.*

{¶8} As argued by Robinson, R.C. 2929.19(A) is not implicated in this case because the caseworker's letter did not purport to be a victim impact statement on the child's behalf. The letter said that it would "provide[ ] some insight as to the experiences of the Defendants' other children and the anguish and trauma they have endured as a result of their brother's death and the actions of their parents." Nothing in the parts of the letter read into the record by the court purported to detail the effect the crime had on the child. The impact the crime had on the child was stated by the aunt when reading a victim impact statement on behalf of the child.

{¶9} The letter was thus properly admitted under the "any person" provision of R.C. 2929.19(A), which allows the court to hear "information relevant to the imposition of sentence in the case." Family members of crime victims are not strictly classified as "victims," but may obviously suffer collateral damage from criminal acts. They are thus persons who can give information relevant to the imposition of sentence in a particular case. *State v. Pearce*, 6th Dist. No. OT-98-018, 1998 Ohio App. LEXIS 6032 (Dec. 18, 1998).

{¶10} The caseworker's letter detailed the varying degrees of trauma and behavioral afflictions the siblings developed since the child's death, how the child appeared to sense that his death was imminent and called his siblings into his room to say "goodbye," and the confusion the siblings continue to manifest from having watched the

child "slowly die while their parents stood idly by and did nothing." This information was relevant to the imposition of sentence and properly admitted. *See Hussing, supra*, at ¶ 33.

{¶11} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

____
MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR