[Cite as *Cleveland v. Schornstein Holdings, L.L.C.*, 2016-Ohio-7479.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103741

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## SCHORNSTEIN HOLDINGS, L.L.C.

DEFENDANT-APPELLANT

## JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2013 CRB 37740

**BEFORE:** McCormack, J., E.A. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 27, 2016

**ATTORNEY FOR APPELLANT**

Dexter W. Clark
West Park Professional Offices
13735 Puritas Avenue
Cleveland, OH 44135


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law
City of Cleveland Law Department

Carolyn M. Downey
Assistant Law Director
601 Lakeside Ave., Room 106
Cleveland, OH 44114

TIM McCORMACK, J.:

**{¶1}** Defendant-appellant Schornstein Holdings, L.L.C. ("the landlord") appeals from a judgment of the Housing Division of Cleveland Municipal Court that fined the landlord $230,000 for failing to maintain its rental property in violation of previously imposed community control sanctions. The community control sanctions were imposed by the housing court one year ago after the landlord was found guilty of health code violations regarding the rental property. We take notice of the housing court's most challenging and often arduous mandate in bringing the housing stock in Cleveland's most distressed neighborhoods into compliance through the imposition of remedies and sanctions on the property owners. While we note the housing court's intent, it is this court's reviewing duty to ensure that fundamental and essential due process is followed, the foundation of that being adequate notice to the defendant. After a review of applicable law and the record before us, we are required to reverse the trial court's judgment and remand this case.

**Background**

**{¶2}** This case involves a two-unit rental house located at Daisy Avenue in Cleveland owned by the landlord, Schornstein Holdings. On July 10, 2013, the city of Cleveland served the landlord with a notice of violation that required the rental house to be brought into compliance with the city's codified ordinances by July 17, 2013. (It is unclear from the record what the nature of the violation was.) The landlord failed to comply with the notice by that deadline.

**{¶3}** Thereafter, on December 6, 2013, the city of Cleveland filed a criminal complaint against the landlord, charging it with a health code violation. The complaint stated that the city had previously served a notice of violation dated July 10, 2013. By July 17, 2013, the landlord failed to comply with the notice. The complaint alleged that the landlord violated Cleveland Codified Ordinances ("C.C.O.") 211.01. The period of violation was identified to be from July 18, 2013, through September 2, 2013. The complaint stated:

(a) 203.03　No person shall fail or refuse to comply with any lawful order issued by the commissioner of environment or any authorized city officer or employee in enforcement of this Health Code (to wit: Violation Notice dated July 10, 2013)

(b) 211.01　Failure to discontinue any premise or place to become vermin or rodent infested. (Bed Bugs)

**{¶4}** The complaint also included the following citation to C.C.O. 201.99, which provides penalties for health code violations:

Penalty: Section 201.99 of Codified Ordinances: Whoever violates any provision of this Health Code, where another penalty is not otherwise provided, is guilty of a minor misdemeanor on a first offense and shall be fined not more than one hundred fifty dollars ($150.00); on a second or subsequent offense, such person is guilty of a misdemeanor of the first degree and shall be fined not more than one thousand dollars ($1,000.00) or imprisoned not more than six (6) months, or both. Each day of a continuing violation or non-compliance constitutes a separate offense.

**{¶5}** On April 2, 2014, the landlord pleaded no contest to the charges. In the judgment entry, which was a standardized form, the trial court found the landlord guilty and imposed a fine of $2,000, with $1,800 suspended. The form entry indicated that the defendant was placed on "inactive" community control and a box for "CC [community control] warnings given" was checked.

**{¶6}** The landlord failed to remedy its code violations. On March 17, 2015, the court issued a notice of hearing for the landlord's violation of community control sanctions. The notice alleged the following violations: the fines were unpaid; the garage needed painting and its door was not in place; the exterior siding required painting; certain soffit and gutters were damaged; porch lattice was damaged; wood surrounding the garage required repairs; and a trash can of debris was left at the front of the house. The notice stated, "[s]hould the Court determine that the defendant has violated one or more conditions of community control, the Court may execute upon the sentence initially imposed in this case, or may modify the sentence imposed, including the imposition of jail or additional community control sanctions."

**{¶7}** On April 14, 2015, the magistrate held a community control violation hearing. The magistrate found the landlord had violated its community control sanctions by failing to maintain the subject property free of code violations. The magistrate extended the landlord's term of community control to April 2, 2016, and scheduled the case for a determination of appropriate financial penalty for the violation of community control sanctions.

{¶8} On June 25, 2015, the magistrate held a hearing to sentence the landlord for its violation of community control sanctions. The landlord's counsel appeared on the landlord's behalf. The court's housing specialist Debra Zeleny-Kukla reported that, between March 11, 2015, and June 25, 2015, there was no significant improvement in the condition of the property. The housing specialist also reported code violations for three other properties owned by the landlord. The magistrate imposed a fine of $230,000 for the landlord's violation of its community control sanctions. The amount appeared to represent the maximum fine of $5,000 for 46 counts of first degree misdemeanor — one count for each day between July 18, 2013, and September 2, 2013 — for an organizational defendant, pursuant to C.C.O. 601.99. That section enhances the penalties for business entities and authorizes a maximum fine of $5,000 for a first-degree misdemeanor for such an entity.

{¶9} Upon the landlord's request, the magistrate subsequently issued a decision providing the findings of fact and conclusions of law. The landlord objected to the magistrate's decision. The trial court overruled the objections and adopted the magistrate's decision.

**Appeal**

{¶10} On appeal, the landlord does not challenge the trial court's judgment finding it to have violated its community control sanctions. The landlord does though challenge the $230,000 fine it received. Its three assignments of error state:

1.    A Defendant's fundamental right against Double Jeopardy under the Fifth Amendment to the United States Constitution has been denied

when the Court sentenced the Defendant to a $2,000 fine with $200 suspended and subsequently at a community control violation hearing sentenced the Defendant to a $230,000 fine.

2. A Defendant's fundamental right to confront witness against him under the Sixth Amendment to the United States Constitution is violated when at a community control violation hearing the Court found the Defendant in violation based upon the unsworn testimony of witness.

3. A Defendant's fundamental right to Due Process of law under the Fourteenth Amendment to the United States Constitution is denied when a Court at a community control violation hearing imposes penalties for alleged violations during time periods not even mentioned in the original sentence order.

**{¶11}** For ease of discussion, we address the second assignment of error first. The landlord argues its right of confrontation was violated when the magistrate permitted the court's compliance specialist to testify at the sentencing hearing without being sworn in first.

**{¶12}** While Evid.R. 603 requires witnesses to be sworn in at trial, the rules of evidence do not apply to criminal sentencing proceedings. *Cleveland v. Halberg*, 8th Dist. Cuyahoga No. 67309, 1995 Ohio App. LEXIS 2159, 10 (May 25, 1995), citing Evid.R. 101(C)(3). Furthermore, a criminal defendant's Sixth Amendment right of confrontation does not extend to sentencing hearings. *State v. Robinson*, 8th Dist. Cuyahoga No. 98072, 2012-Ohio-5510, ¶ 5, citing *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). The second assignment is without merit.

**{¶13}** Under the first assignment of error, the landlord claims its right against double jeopardy was violated when the housing court imposed a fine of $2,000 with $200

suspended at original sentencing and later imposed a $230,000 fine at the community control violation hearing. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, ensures that a defendant is not placed in jeopardy twice for the same offense. *State v. Gunnell*, 132 Ohio St.3d 442, 2012- Ohio-3236, 973 N.E.2d 243, ¶ 25. However, when a defendant violates the community control sanctions, the trial court is sanctioning that misconduct, not the original underlying offense. *State v. Hart*, 4th Dist. Athens No. 13CA8, 2014-Ohio-3733, ¶ 23. When a defendant violates the terms of the community control sanctions, R.C. 2929.25(D)(2) expressly authorizes the trial court to impose penalties for the violation.[1] Double jeopardy was not implicated here. The first assignment of error is overruled.

{¶14} While there was no double jeopardy violation, we find merit to the landlord's claim raised under the third assignment of error. As we explain in the following, the housing court failed to provide adequate notice to the landlord in the

---

[1]R.C. 2929.25(D)(2) states:

If an offender violates any condition of a community control sanction, the sentencing court may impose upon the violator one or more of the following penalties:

(a)  A longer time under the same community control sanction if the total time under all of the community control sanctions imposed on the violator does not exceed the five-year limit specified in division (A)(2) of this section;

(b)  A more restrictive community control sanction;

(c)  A combination of community control sanctions, including a jail term.

original sentencing entry regarding the consequences of a violation of the community control sanctions and, therefore, improperly imposed the $230,000 fine.

{¶15} While the trial court is authorized to impose penalties for a violation of community control sanctions, the court is required to provide notice of the consequences of community control violations at the sentencing for the underlying offense. R.C. 2929.25(A)(3) states:

> (3)__ At sentencing, if a court directly imposes a community control sanction or combination of community control sanctions pursuant to division (A)(1)(a) or (B) of this section, the court shall state the duration of the community control sanctions imposed *and shall notify the offender that if any of the conditions of the community control sanctions are violated the court may do any of the following*:
>
> (a)_ Impose a longer time under the same community control sanction if the total time under all of the offender's community control sanctions does not exceed the five-year limit specified in division (A)(2) of this section;
>
> (b)__ Impose a more restrictive community control sanction under section 2929.26, 2929.27, or 2929.28 of the Revised Code, but the court is not required to impose any particular sanction or sanctions;
>
> (c)__ Impose a definite jail term from the range of jail terms authorized for the offense under section 2929.24 of the Revised Code.

(Emphasis added.)

{¶16} The purpose of R.C. 2929.25(A)(3)'s notification requirement is to make the offender aware of the possible consequences of violating community control sanctions before any violation occurs. *State v. Maxwell*, 4th Dist. Ross No. 04CA2811, 2005-Ohio-3575. *See also State v. Jordan*, 8th Dist. Cuyahoga No. 80851,

2002-Ohio-5086, ¶ 38 (notice must be given to a defendant at sentencing when community control sanctions are imposed; this is to ensure that the defendant is fully aware of the possible consequences of violating the terms of the community control sanctions).

{¶17} The landlord in the instant case was found guilty of violating the health code and sentenced to pay a fine and community control sanctions in the judgment entry dated April 2, 2014. Our review of the judgment entry, a bare-bone standardized form, reveals multiple deficiencies. The form listed the charge against the landlord simply as "health code violation," without identifying the specific code. It did not specify the dates of violations, nor the number of counts the landlord was convicted of. The judgment entry stated a fine of $2,000, with $1,800 suspended, without indicating whether the fine was for one count or for 46 counts. Furthermore, although a box for "CC warnings given" was checked, there was no enumeration of the terms of the community control, or the consequences of a violation of the terms. There was also no warning of a potential maximum fine of $5,000 per count for a business entity, which would total $230,000 for 46 counts of first-degree misdemeanor.[2]

---

[2]In the magistrate's findings of fact, the magistrate stated: "the Court warned Defendant that a violation of community control could lead to the Court imposing additional community control sanctions, including a longer term of community control and a larger fine based on the original charges, the maximum fine for a business entity violating C.C.O. 203.03 being $5,000 per day for a maximum fine of 230,000." The record, however, does not reflect that such notice or warning was given; the journal entry only indicated "CC warnings given." Because the transcript of the hearing is not part of the record before us and the court speaks through its journal, *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, the magistrate's finding that the court had given

{¶18} We recognize the malignant effect that a poorly maintained dwelling has on its neighboring community. Overall housing values in the neighborhood can decline drastically if even one property is poorly maintained; moreover, "a poorly maintained property can also create a trend of neglect, leading to a downward spiral in the community." *Lakewood v. Krebs*, 150 Ohio Misc.2d 1, 2008-Ohio-7083, 901 N.E.2d 885, ¶ 28. "'If a window is broken and left unrepaired, people walking by will conclude that no one cares and no one is in charge. Soon, more windows will be broken.'" *Id.* quoting M. Gladwell, *The Tipping Point* (Little, Brown & Co. 2000).

{¶19} Therefore, in cases involving building, housing, or health code violations, the primary goal is to bring the property into compliance, rather than punish the defendant for the misconduct. *Cleveland v. Go Invest Wisely, L.L.C.*, 8th Dist. Cuyahoga Nos. 95172, 95173, 95174, 95175, 95176, 95177, 2011-Ohio-3047, citing *Krebs* at ¶19. To achieve the goal, the housing court is vested with broad authority to fashion appropriate punishment to bring about compliance. Unlike an individual defendant, who could be confined as a punishment for a lack of compliance, an organizational defendant, such as

---

such a notice is not supported by the record before us.

We also note that although C.C.O. 3103.99 provides that an organizational entity can be subject to a fine of $5,000 per day for *building* code violations, the landlord here was charged with a *health* code violation and the complaint against the landlord cited C.C.O. 201.99 for penalties for such violations. That section provides that a person in violation of the health code could be subject to a fine of *$1,000* for each day of violation. The housing court's judgment affirming the magistrate's decision, on the other hand, cited C.C.O. 601.99 for its authority to impose $5,000 per count on business entities for each count of first-degree misdemeanors. The court's authority under C.C.O. 601.99, however, was not referenced in the complaint.

the landlord here, cannot be incarcerated. The housing court is empowered to tailor the amount of financial sanctions to compel compliance from an organizational entity.

{¶20} However, the trial court still must be bound within the boundaries of due process. Here, the April 2, 2014 sentencing entry falls woefully short of what due process requires to permit the housing court to impose a fine of $230,000, an exponentially greater penalty 1,150 times the fine that the landlord originally received, when the landlord violated its community control sanctions.[3] The third assignment of error is sustained.

{¶21} The judgment of the municipal court is reversed, and the matter is remanded to the court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

---

[3]In *Cleveland v. U.S. Bank, N.A.*, 8th Dist. No. 104101, 2016-Ohio-7402, this court also reversed a judgment of the housing court, but under a different analysis. In that case, the citation against the landlord listed 22 building code violations under 15 different building code sections. The landlord pleaded no contest to a single, unidentified building code violation, and the court's judgment gave no indication of which building code sections had been violated. Because it was unknown as to which building code(s) the landlord violated, this court concluded that the housing court failed to state "the fact of conviction" required by Crim.R. 32(C) as interpreted in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 14, and therefore, the community control sanctions *never went into effect. U.S. Bank* at ¶ 12-13. In the instant case, the complaint identified a single health code violation (C.C.O. 211.01), so it was clear which code section the landlord violated here. In any event, the landlord in the instant case does not challenge the validity of its community control sanctions, nor its violation of the community control sanctions — it only challenges the amount of the fine imposed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., CONCURS;
EILEEN T. GALLAGHER, J., CONCURS IN JUDGMENT ONLY