[Cite as *Cleveland v. Jaber*, 2021-Ohio-1486.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109648 |
| v. | : | |
| MERWAN MARK JABER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** April 29, 2021

Criminal Appeal from the Cleveland Municipal Court
Housing Division
Case No. 2013 CRB 024143

***Appearances:***

Barbara A. Langhenry, City of Cleveland Director of Law, and Patricia McGinty Aston, Assistant Director of Law, *for appellee.*

Berkman, Gordon, Murray & DeVan, J. Michael Murray and William C. Livingston, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Merwan Mark Jaber ("Jaber") appeals the imposition of a $13,000 fine for his conviction for failing to comply with a notice of housing code violations. After reviewing the pertinent law and the facts of the case, we vacate the trial court's

judgment and remand the case for resentencing to impose a fine of no more than $1,000.

## I.   Facts and Procedural History

{¶ 2}   Jaber was issued a notice ("Notice") for various housing code violations on June 5, 2013.  The Notice stated that Jaber must comply and remedy the violations by July 5, 2013.  The Notice further stated that failure to comply by that date would result in prosecutive action.

{¶ 3}   Nothing in the record demonstrates that Jaber made the required changes by the July 5, 2013 compliance date.

{¶ 4}   On July 19, 2013, Jaber was issued a complaint for failing to comply with the June 5, 2013 Notice.  The complaint in Cleveland M.C. No. 2013 CRB 24143 alleges, in pertinent part:

> on or about July 19 2013 * * * you did commit the following violation(s):
>
> Failure to comply with the order of the Director of Building and Housing, a misdemeanor of the first degree, in violation of the following section(s): Building 3103.25(e), Housing 367.99(a), * * * as stated in the violation notice dated [June 5, 2013]* * *.

{¶ 5}   Jaber entered a plea of no contest to this complaint on April 14, 2015. On April 28, 2015, the trial court sentenced him to three years of community control sanctions and imposed a fine of $13,000.[1]  On May 28, 2015, Jaber filed a motion

---

[1] Jaber pleaded no contest and was sentenced for violations in two separate cases: *Cleveland v. Jaber*, Cuyahoga M.C. No. 2013 CRB 24143 (Apr. 28, 2015), and *Cleveland v. Jaber*, Cuyahoga M.C. No. 2013 CRB 037001 (Apr. 28, 2015).  This appeal involves only Cuyahoga M.C. No. 2013 CRB 24143.

with the trial court to vacate his plea, which was denied. Jaber then appealed that denial to this court arguing that his plea was not knowing, intelligent, or voluntary. This court rejected Jaber's arguments and affirmed the trial court's decision to deny his motion. *Cleveland v. Jaber*, 8th Dist. Cuyahoga No. 103194, 2016-Ohio-1542 ("*Jaber I*").[2]

{¶ 6} On February 22, 2017, the trial court vacated Jaber's sentence, along with numerous other sentences, in light of this court's decisions in *Cleveland v. U.S. Bank, N.A.,* 2016-Ohio-7402, 72 N.E.3d 1123 (8th Dist.), and *Cleveland v. Schornstein Holdings, L.L.C.*, 2016-Ohio-7479, 73 N.E.3d 889 (8th Dist.).[3] A new sentencing hearing was held for Jaber on March 7, 2017, before a magistrate of the Cleveland Municipal Housing Court. The magistrate issued a decision on June 14, 2017, which recommended that Jaber be sentenced as follows: that a fine of $13,000 be imposed and that Jaber receive credit for time served. Jaber filed objections to the magistrate's decision arguing that the fine exceeded the statutory maximum.

{¶ 7} The trial court issued a new judgment entry, dated January 28, 2020, overruling Jaber's objections and sentencing him to a $13,000 fine for a continued violation and to time served (the "2020 judgment entry").[4] In its judgment entry, the trial court asserted that Jaber was in violation from July 7, 2013, to July 19, 2013

---

[2] The appeal in *Jaber I* addressed both cases.

[3] The trial court concluded that its judgment entries failed to comply with Crim.R. 32 and were not final appealable orders.

[4] Jaber's present appeal focuses only on the fine imposed by the trial court and, thus, this decision does not address any other aspect of his sentence.

and that this 13-day period of noncompliance was the basis for imposing the $13,000 fine ($1,000 for each day of noncompliance).

{¶ 8} Jaber brings this appeal from the 2020 judgment entry.

## II. Law and Analysis

### A. Jaber's First Assignment of Error

{¶ 9} In his first assignment of error, Jaber claims:

The trial court erred in imposing a fine of $13,000 for appellant's first-degree misdemeanor offense because the maximum fine that may be imposed for a first-degree misdemeanor offense is $1,000.

{¶ 10} Ordinarily, courts of appeal review misdemeanor sentences for an abuse of discretion. *S. Euclid v. Bickerstaff*, 8th Dist. Cuyahoga No. 107526, 2019-Ohio-2223, ¶ 11. However, when a misdemeanor sentence for financial sanctions is imposed above the statutory maximum, those sentences are deemed to be contrary to law. *Cleveland v. Aeon Fin., L.L.C.*, 8th Dist. Cuyahoga No. 103235, 2016-Ohio-4559, ¶ 31. "Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute [a sentence] that is either greater or lesser than that provided for by law." *Id.*, citing *Colegrove v. Burns,* 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964).

{¶ 11} The statutory maximum fine for a single, first-degree misdemeanor is $1,000. R.C. 2929.28(2)(a)(i).

{¶ 12} Jaber entered a plea of no contest to the complaint, which alleged one first-degree misdemeanor for his failure to comply with the Notice on July 19, 2013.

In its brief, the city of Cleveland ("the City") concedes that the complaint charged Jaber with only a single day violation for July 19, 2013, and that the $13,000 fine imposed by the trial court was in error.

{¶ 13} Upon review, we agree with Jaber and the City that the fine of $13,000 imposed by the trial court exceeded the maximum $1,000 fine allowed by statute for a single first-degree misdemeanor. The trial court's $13,000 fine is contrary to law.

{¶ 14} Therefore, Jaber's first assignment of error is sustained.

## B. Jaber's Second Assignment of Error

{¶ 15} In his second assignment of error, Jaber claims:

The trial court erred in concluding that the doctrine of the law of the case and res judicata applied and that it could impose a fine in excess of $1,000, which is contrary to law, for a first-degree misdemeanor offense.

### 1. Res Judicata

{¶ 16} The trial court overruled Jaber's objection that his $13,000 fine exceeded the statutory maximum, stating that Jaber was barred by res judicata from raising the issue because he had not challenged the sufficiency of the complaint in his first appeal, *Jaber I*, 8th Dist. Cuyahoga No. 103194, 2016-Ohio-1542. We disagree that the doctrine of res judicata bars Jaber's direct appeal objecting to the fine imposed in the 2020 judgment entry. Our review of this case is not constrained by the recent Ohio Supreme Court guidance in *State v. Harper* precisely because this is a direct appeal. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248.

{¶ 17} "The applicability of res judicata is a question of law that is subject to de novo review." *Radford v. Radford*, 8th Dist. Cuyahoga Nos. 96267 and 96445, 2011-Ohio-6263, ¶ 20.

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus.

{¶ 18} The new 2020 judgment entry and the sentence it imposed are before this court in the present appeal. The 2015 judgment entry at issue in *Jaber I* was vacated, and the trial court imposed a new sentence on Jaber in 2020. Further, Jaber is not challenging the sufficiency of the complaint, rather he is challenging the fine imposed on him by the trial court in the 2020 judgment entry. Res judicata does not bar this challenge.

### 2. The Law-of-the-Case Doctrine

{¶ 19} The trial court also stated that it was unable to consider Jaber's objection that his fine was excessive based on the law-of-the-case doctrine. Again, we disagree.

{¶ 20} The question of whether the law-of-the-case doctrine applies is subject to de novo review. *Frazier v. Rodgers Builders*, 8th Dist. Cuyahoga No. 91987, 2010-Ohio-3058, ¶ 60. "The law-of-the-case doctrine provides that legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels." *Giancola v.*

*Azem*, 153 Ohio St.3d 594, 2018-Ohio-1694, 109 N.E.3d 1194, ¶ 1, citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984).

{¶ 21} The trial court's conclusion that *Jaber I* "determined that the complaint was sufficient to put defendant on notice that he was charged with 13 counts of C.C.O. 3103.25(E) * * *" is incorrect. A careful review of *Jaber I* reveals that this court made no such determination. *Jaber I* included a passing comment about the complaints in the two cases addressed in that appeal. The *Jaber I* Court did not specify which complaint it was considering when it stated Jaber was on notice the maximum fine for noncompliance was $1,000 per day. *Jaber I* made no findings as to the number of days Jaber was out of compliance for the property involved in this appeal. Therefore, the legal question of whether it was proper to find Jaber in noncompliance from July 7, 2013, to July 19, 2013, has not previously been resolved and the law of the case does not bar Jaber's challenge.

{¶ 22} Moreover, the law-of-the-case doctrine should not be applied if, as is the case here, an unjust result would occur. *See Farmers State Bank v. Sponaugle*, 157 Ohio St.3d 151, 2019-Ohio-2518, 133 N.E.3d 470, ¶ 22 (holding that the doctrine is a rule of practice and not a binding rule of law); *Hardy v. Hardy*, 2d Dist. Montgomery No. 22964, 2010-Ohio-561, ¶ 15 (holding that application of the law-of-the-case doctrine would lead to unjust results when trial court's division of marital property did not take into account current market value); *Dirksen v. Philpot*, 2d Dist. Darke No. 1650, 2005-Ohio-3748 (finding that awarding a party benefits it would not be entitled to after subsequent Ohio Supreme Court decision

would create unjust results and precluded application of the law-of-the-case doctrine).

**{¶ 23}** Even if *Jaber I* could be said to have established some relevant point of law, this court declines to apply the law-of-the-case doctrine because it would create an unjust result. The 2020 judgment entry imposed a fine 13 times greater than Jaber was charged with in the July 19, 2013 complaint and is, therefore, contrary to law.

**{¶ 24}** For the foregoing reasons, Jaber's second assignment of error is sustained.

**{¶ 25}** In conclusion, Jaber's first and second assignments of error having been sustained, Jaber's $13,000 fine is vacated. This case is remanded to the trial court for the limited purpose of resentencing consistent with the law such that any fine is not to exceed $1,000.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court, Housing Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR