[Cite as *State v. Wilson*, 2022-Ohio-1526.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-17 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-227 |
| | : | |
| STEVE P.B. WILSON, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 6th day of May, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

STEVE P.B. WILSON, JR., Inmate No. 740-418, Warren Correctional Institution, P.O. Box 120, Lebanon, Ohio 45036
      Defendant-Appellant, Pro Se

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Steve P.B. Wilson, Jr. appeals pro se from a judgment resentencing him to merge domestic violence and felonious assault as allied offenses of similar import.

{¶ 2} Wilson challenges the trial court's jurisdiction over him. He also alleges error predicated on not being permitted to face his accuser. Finally, he contends the trial court should have required the State to elect to proceed with sentencing on domestic violence rather than felonious assault.

{¶ 3} We conclude that the trial court properly exercised jurisdiction. We also see no confrontation violation and no error in the State's electing to have Wilson sentenced for felonious assault. Accordingly, the trial court's judgment will be affirmed.

## I. Factual and Procedural Background

{¶ 4} A jury found Wilson guilty of felonious assault, abduction, and domestic violence with specifications. The convictions stemmed from his physically abusing the victim at her residence over a weekend. The abuse culminated in Wilson's pouring hot grease on the victim's back. The trial court imposed consecutive sentences totaling 20 years in prison. Wilson appealed, raising six assignments of error. We sustained one assignment of error, finding plain error in the trial court's failure to merge felonious assault and domestic violence as allied offenses of similar import. We remanded for resentencing to correct that error. *See State v. Wilson*, 2d Dist. Clark No. 2018-CA-2, 2020-Ohio-2962.

{¶ 5} The trial court held a resentencing hearing on February 19, 2021. Wilson represented himself at the hearing. He advised the trial court at the outset of the resentencing hearing that his name actually was "Diuus Indiges El," and that he was

Wilson's representative. Wilson explained: "I represent Mr. Wilson. Mr. Wilson is a corporate entity, a legal entity. That is not me. I am a living soul wrapped in flesh and blood. I exist." (Resentencing Tr. at 4.) After continued dialogue about Wilson aka Diuus Indiges El's being the corporate Wilson's representative, Wilson objected to the trial court's jurisdiction to resentence him. (*Id.* at 5.) He requested to see the trial court's "letter of delegation of authority" from the United States Supreme Court. (*Id.* at 5-6.)

{¶ 6} Wilson insisted that the trial court judge had "no judicial power" because the United States Congress had not granted such power. (*Id.* at 6.) Throughout the hearing, Wilson continued to challenge the trial court's jurisdiction. At one point, he claimed the trial court was obligated to prove "physical jurisdiction over [his] physical existence, [his] living soul." (*Id.* at 14.) Wilson complained about the trial court's not being an Article III court under the United States Constitution and about there being "no such thing as statutory jurisdiction." (*Id.* at 20.)   He also requested an opportunity "to speak to the State of Ohio" as opposed to the prosecutor, who was a mere representative of the State but not the State itself. (*Id.* at 19). Finally, Wilson argued that the trial court was required to proceed with sentencing on domestic violence rather than felonious assault because the victim qualified as a family or household member.

{¶ 7} The trial court rejected Wilson's arguments, found that it had jurisdiction, and merged the felonious assault and domestic violence offenses for sentencing. The State elected to have Wilson sentenced for felonious assault. The trial court proceeded accordingly and imposed an aggregate 19-year prison term. (*Id.* at 14; *see also* February 22, 2021 Judgment Entry of Conviction at 2-3.) This appeal followed.

## II. Analysis

{¶ 8} Wilson advances six assignments of error:

I. THE TRIAL COURT LACK ANY AND ALL FORMS OF JURISDICTION OVER DEFENDANT WHO IS NOT A UNITED STATES OR 14th AMENDMENT CITIZEN (PERSON).

II. THE TRIAL COURT LACK JUDICIAL POWER AFFORDED TO ARTICLE III JUDGES BY WAY OF THE UNITED STATES CONSTITUTION THE SUPREME LAW OF THE LAND.

III. THE TRIAL COURT OPERATING UNDER STATUTORY JURISDICTION IS UNCONSTITUTIONAL AND DEPRIVES DEFENDANT THE NATURAL RIGHT TO DEFEND HIMSELF.

IV. DEFENDANT HEREBY ADDRESS AND REJECT THE FRAUDULENT 14TH AMENDMENT PERSON STEVE P.B. WILSON JR.

V. THE DEFENDANT NEVER GOT TO FACE THE STATE OF OHIO VIOLATING DUE PROCESS.

VI. PROSECUTION SHOULD HAVE BEEN REQUIRED TO PROCEED WITH DOMESTIC VIOLENCE.

{¶ 9} Wilson's first four assignments of error challenge the trial court's jurisdiction to sentence him. In his first assignment of error, Wilson contends he is a "Moorish American, Aboriginal and Indigenous, Living Soul wrapped in flesh and blood, opposite STEVE P.B. WILSON, JR, corporate PERSON, Artificial PERSON, Legal Fiction, Legal entity[.]" In his second assignment of error, Wilson claims the trial court lacked the judicial

power afforded to Article III judges under the United States Constitution. In his third assignment of error, he argues that the trial court could not have acted pursuant to "statutory jurisdiction" because such jurisdiction violates the United States Constitution. In his fourth assignment of error, Wilson asserts that "Steven P.B. Wilson, Jr." is a fraudulent, corporate, artificial person and that Diuus Indiges El, "a Moorish American, national being, living soul wrapped in flesh and blood, sui juris, in propria persona (special appearance) reject[s] the FRAUD."

{¶ 10} Upon review, we find the foregoing arguments to be meritless. Ohio courts have rejected identical sovereign-citizen jurisdictional challenges based on a defendant's claimed status as "Moorish American." In *State v. Wyley*, 8th Dist. Cuyahoga No. 102889, 2016-Ohio-1118, for example, the Eighth District correctly recognized that Ohio courts of common pleas have statewide jurisdiction over all non-minor crimes and that a defendant is subject to criminal prosecution and punishment if he commits an offense in Ohio. This is true regardless of citizenship or nonresident alien status. *Id.* at ¶ 11. The Eighth District also correctly recognized that a defendant's " 'purported status as a Moorish-American citizen does not enable him to violate state * * * laws without consequence.' " *Id.* at ¶ 12, quoting *Speed v. Mehan*, E.D. Mo. No. 4:13CV1841, 2013 WL 5776301, *2 (Oct. 25, 2013); *see also State v. Tucker*, 2016-Ohio-1354, 62 N.E.3d 893, ¶ 9 (9th Dist.) (observing that Moorish-American sovereign-citizen arguments have been characterized as "gibberish"); *Cleveland v. Wilson*, 2017-Ohio-540, 85 N.E.3d 299 (8th Dist.) (holding that the trial court was not obligated to "demonstrate its authority and jurisdiction" over a claimed Moorish-American citizen and noting that the defendant's claimed status did not

enable him to violate the law without consequence); *Shaker Heights v. El-Bey*, 2017-Ohio-929, 86 N.E.3d 865 (8th Dist.) (rejecting an argument that the trial court lacked jurisdiction over a defendant who professed to be a Moorish-American citizen and not a "14th Amendment citizen"); *State v. Miller*, 12th Dist. Clermont No. CA2018-04-019, 2018-Ohio-4258 (holding "that both the Ohio Constitution and the Ohio Revised Code provide[d] the trial court with subject-matter jurisdiction" over the defendant's felony case notwithstanding his sovereign-citizen argument).

{¶ 11} In *Saint Paris v. Galluzzo*, 2d Dist. Champaign No. 2014-CA-29, 2015-Ohio-3385, this court agreed that " '[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.' " *Id.* at ¶ 46, quoting *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir.2011). We stated that such theories should be rejected summarily. *Id.* at ¶ 46-47. Consistent with *Galluzzo* and the other cases referenced above, we overrule Wilson's first, second, third, and fourth assignments of error, which warrant no further discussion.

{¶ 12} In his fifth assignment of error, Wilson claims that his "accuser" was the State of Ohio and that he never got to "face his accuser" at resentencing. Wilson reasons that the prosecutor who appeared for resentencing was a *representative* of the State but was not the State itself. He contends the trial court erred in denying his request to speak to the actual State of Ohio.

{¶ 13} Wilson's argument is unpersuasive. The Sixth Amendment confrontation right applies at trial. "As a general rule, there is no right to confrontation during

sentencing." *State v. Robinson*, 8th Dist. Cuyahoga No. 98072, 2012-Ohio-5510, ¶ 5 (citing cases.) In any event, no witnesses testified at the resentencing, Wilson's accuser was the victim and not the prosecutor, and his request to speak to "the State" was nonsensical. The fifth assignment of error is overruled.

{¶ 14} In his sixth assignment of error, Wilson argues that the trial court should have proceeded with sentencing for domestic violence rather than felonious assault. He suggests that domestic violence was specifically applicable because he resided with the victim, who was pregnant with his child. Although felonious assault may be committed against anyone, Wilson stresses that the particular facts of this case made his assault an act of domestic violence. That being so, he reasons that he should have been sentenced for domestic violence rather than felonious assault.

{¶ 15} Contrary to Wilson's argument, we see no error in the trial court's allowing the State to choose felonious assault for sentencing. A jury found Wilson guilty of both crimes, which we previously found were allied offenses of similar import. It is well settled that the State "retains the right to elect which allied offense to pursue on sentencing on a remand to the trial court after an appeal." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 21. Accordingly, the sixth assignment of error is overruled.

### III. Conclusion

{¶ 16} Having overruled Wilson's assignments of error, we affirm the judgment of the Clark County Common Pleas Court.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.


Copies sent to:

Ian A. Richardson
Steve P.B. Wilson, Jr.
Hon. Richard J. O'Neill