JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, Washington Square Enterprises, Michael A. Farinacci, Claire Gruttadauria and Sam J. Strano appeal from a common pleas court order appointing a receiver for certain real property and for the business of Claire Gruttadauria, L.L.C. during the pendency of this action. They urge that the court abused its discretion by appointing a receiver because (a) the applicant for the receivership lacked standing and capacity to pursue this action; (b) the court did not *Page 2 
have jurisdiction over the limited liability company which it placed in receivership; and (c) the appointment of a receiver was an abuse of discretion.
 Procedural History {¶ 2} First Merit Bank, N.A. obtained a judgment against Washington Square Enterprises, Michael A. Farinacci, Claire Gruttadauria, Marie M. Valerian, and Sam J. Strano on November 5, 2001 by virtue of a confession of judgment in which each of these defendants admitted that they were indebted to First Merit on a promissory note in the amount of $368,311.45.
 {¶ 3} Two and one-half years later, on June 11, 2004, First Merit filed an "assignment of judgment" which stated that it was assigning all of its right, title and interest in the judgment to Capital Crossing Bank. That same day, Capital Crossing Bank filed an assignment of judgment to Interim Capital LLC.
 {¶ 4} On March 2, 2006, Interim Capital LLC filed a motion for a charging order against Claire Gruttadauria's and Sam J. Strano's membership interests in Claire Gruttadauria, L.L.C. Alternatively, it asked the court to appoint a receiver to take control of Claire Gruttadauria, L.L.C, liquidate certain real property it owned, and apply the proceeds to the judgment debt. Interim Capital LLC subsequently withdrew this motion before the court ruled on it.
 {¶ 5} On April 20, 2006, Interim Capital LLC filed an assignment of judgment to Interim Holdings LLC. The following day, Interim Holdings LLC filed a motion for *Page 3 
a charging order or, alternatively, for the appointment of a receiver to take control of Claire Gruttadauria, L.L.C. Claire Gruttadauria and Sam J. Strano filed a motion to dismiss claiming that the cognovit judgment was not valid and enforceable against them. They combined this motion with a brief in opposition to the motion for a charging order or a receivership.
 {¶ 6} On September 19, 2006, the court entered an order appointing Michael J. Occhionero as the receiver for "real property located at 9372 Mentor Avenue, Mentor, Ohio 44060 (the "Property") and authorizing him to take possession of, manage, control, and protect the commercial Property and the business of Claire Gruttadauria, L.L.C. (the "Company") during the pendency of this action." Appellants Washington Square Enterprises, Claire Gruttadauria, Sam J. Strano, and Michael A. Farinacci, have appealed from this order.
 Law and Analysis
Final Appealable Order {¶ 7} We note that an order appointing a receiver is generally considered to be ancillary to the main action and as such is a provisional remedy. See Community First Bank Trust v. Dafoe,108 Ohio St.3d 472, 2006 Ohio-1503, ¶ 25 and 26. Provisional remedies are typically ordered during the pendency of the action, not after judgment, as the remedies specifically listed in R.C. 2505.02(A)(3) attest. However, a remedy like a receivership may aid the action as easily after *Page 4 
judgment as before. The purpose of a receivership is generally to preserve assets that are the subject of the litigation or that may be used to satisfy a judgment, pending their ultimate disposition by the court. Aetna Life Ins. Co. v. Woodhawk Apts. Ltd. Partnership (Dec. 7, 1995), Cuyahoga App. No. 68820, at page 11. Therefore, the fact that the receivership was ordered after judgment is not determinative.[1]
 {¶ 8} Under R.C. 2505.02(B)(4), an order that grants or denies a provisional remedy is appealable if (a) "[t]he order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy," and (b) "the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." Certainly, the common pleas court's order appointing a receiver determines the action with respect to receivership and prevents a judgment on that matter in favor of appellants. Furthermore, if the receiver chooses to liquidate assets to pay the judgment, appellants would have no meaningful way to reclaim those assets if the receivership were later determined to have been an abuse of discretion. Therefore, *Page 5 
we find the trial court's order was a final and appealable order under R.C. 2505.02(B)(4).
Interim Holdings' Standing or Capacity {¶ 9} Appellant moved the trial court to dismiss on the ground that Interim Holdings LLC did not have the standing or the capacity to enforce the judgment.[2] The trial court did not rule on this motion before it granted Interim Holdings' motion for appointment of a receiver. Therefore, we must presume that the court overruled the motion. See, e.g., Kostelnik v. Helper, 96 Ohio St.3d 1, 2002-Ohio-2985, ¶ 13;State ex rel. V. Cos. v. Marshall, 81 Ohio St.3d 467,1998-Ohio-329.
 {¶ 10} Appellants assert that Interim Holdings' predecessors, Capital Crossing Bank and Interim Capital LLC, were not authorized to do business in the State of Ohio. Therefore, they claim, these entities did not have the capacity to assign the judgment, so the judgment was not validly assigned to Interim Holdings.
 {¶ 11} In general, foreign corporations must be licensed to do business in the State of Ohio if they "transact business in this state." R.C. 1703.03. A foreign corporation which "should have obtained" a license to do business in Ohio may not "maintain any action in any court until it has obtained such license [to do business]." *Page 6 
R.C. 1703.29(A). Similarly, a foreign limited liability company must register before transacting business in Ohio. R.C. 1705.54(A). A foreign limited liability company transacting business in this state may not maintain an action or proceeding in any court of this state until it has registered. R.C. 1705.58.
 {¶ 12} Appellants contend that an assignment of a judgment is a part of the process of "maintain[ing]" an action, so these entities had to obtain a license or register before they could assign the judgment in this case to another entity. We disagree.[3] The action against appellants has been concluded; there is a judgment against them. Assignment of the judgment does not affect the parties' rights; it only affects the ownership of the judgment. Therefore, the assignment of a judgment is not a part of maintaining the action. It is only a transfer of the right to enforce the judgment.
Jurisdiction over Claire Gruttadauria, L.L.C. {¶ 13} Appellants next assert that the court did not have jurisdiction to appoint a receiver for Claire Gruttadauria, L.L.C. or its assets because Claire Gruttadauria, *Page 7 
L.L.C. was not a party to this action. Interim Holdings contends that the limited liability company is wholly owned by Claire Gruttadauria, one of the judgment debtors, and therefore the company's assets may be applied to satisfy the judgment.
 {¶ 14} R.C. 2735.01 provides in pertinent part that:
 A receiver may be appointed by * * * the court of common pleas or a judge thereof in his county, * * * in causes pending in such courts respectively, in the following cases:
 (A) In an action * * * by a creditor to subject property or a fund to his claim, * * * on the application of the plaintiff, or of a party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and when it is shown that the property or fund is in danger of being lost, removed, or materially injured;
 * * *
 (C) After judgment, to carry the judgment into effect;
 (D) After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or when an execution has been returned unsatisfied and the judgment debtor refuses to apply the property in satisfaction of the judgment;
 * * *
 (F) In all other cases in which receivers have been appointed by the usages of equity.
 {¶ 15} We cannot agree with Interim Holdings that the limited liability company and all of its assets could be used to satisfy the judgment debt. Limited liability companies are entities separate and distinct from their owners. While Claire *Page 8 
Gruttadauria's membership interest in Claire Gruttadauria, L.L.C. was certainly an asset of hers which could be charged under R.C. 1705.19 to satisfy her judgment debt, this membership interest did not include any direct interest in the assets of the company which could be used by her creditors to satisfy her debts. Rather, a member's judgment creditors have only the rights of assignees of a membership interest. R.C.1705.19. Assignees of membership interests do not become members themselves, but only have the right to receive distributions that would have been paid to the member-assignor. R.C. 1705.18.[4]
 {¶ 16} Interim Holdings, as a judgment creditor, did not demonstrate that it had any right to satisfy its judgment with the assets of Claire Gruttadauria, L.L.C. Therefore, the court abused its discretion by placing Claire Gruttadauria, L.L.C. and real property it owned in receivership. Accordingly, we reverse and remand for further proceedings.
It is ordered that appellants recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and SEAN C. GALLAGHER, J., CONCUR
[1] Alternatively, the appointment of a receiver after judgment may be appealable as "[a]n order that affects a substantial right made * * * upon summary application after judgment." R.C. 2505.02(B)(2). There is little case law examining this provision. However, placing assets under the control of a receiver certainly affects a substantial right of the owner of those assets, and the order was arguably made on "summary application after judgment."
[2] Appellants also argued that the judgment was not valid or enforceable against them because they did not receive notice of the judgment. However, they did not pursue this argument by moving to vacate the judgment against them. Rather, "for the sake of argument of this Motion only," they assumed the judgment was valid.
[3] Appellants' argument also skips an important analytical step. Appellants do not explain how these entities "transacted business" in Ohio so that they were required to obtain a license or to register. Foreign corporations and limited liability companies are only prohibited from maintaining an action in this state if they were required to obtain a license or register and failed to do so. In this case, this is a moot point because even if they were transacting business and failed to obtain a license or to register, R.C. 1703.29 and 1705.58 did not prohibit them from assigning the judgment.
[4] We express no opinion as to whether a judgment creditor of a member of an L.L.C. could seek judicial dissolution of the company. See R.C. 1705.47. *Page 1