[Cite as *Cleveland v. 3006 Montclair Ave., L.L.C.*, 2024-Ohio-1274.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                         :

    Plaintiff-Appellee,               :                No. 112695

v.                                         :

3006 MONTCLAIR AVENUE, LLC,                :

    Defendant-Appellant.              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** MODIFIED AND REMANDED
**RELEASED AND JOURNALIZED:** April 4, 2024

---

Criminal Appeal from the Cleveland Municipal Court
Housing Division
Case No. 2022-CRB-001130

---

### *Appearances:*

Mark D. Griffin, Director of Law for the City of Cleveland, and Michael T. Mahoney, Assistant Director of Law, *for appellee.*

Bower Stevenson LLC and Justin Stevenson, *for appellant.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, 3006 Montclair Avenue, LLC ("Montclair LLC"), appeals from the Cleveland Municipal Housing Court's ("the housing court") sentencing judgment entry after Montclair LLC pled no contest to ten counts of

failure to comply in violation of Cleveland Codified Ordinances ("C.C.O.") 3103.25(e). Montclair LLC contends that the housing court erred and abused its discretion by including terms and conditions relating to other entities and properties owned by those other entities in the community-control sanctions imposed against Montclair LLC. For the reasons that follow, we modify the housing court's judgment to remove any terms or conditions related to other entities or properties owned by those other entities.

**Procedural and Factual Background**

{¶ 2} On November 11, 2020, Cleveland's Department of Building and Housing (the "building department") conducted an inspection of the property located at 3006 Montclair Avenue in Cleveland. Following the inspection, the building department issued a "Notice of Violation of Building and Housing Ordinances" (the "notice") to Montclair LLC. The notice indicated that the driveway and gutters of the 3006 Montclair Avenue property were in need of repair in violation of C.C.O. 369.13, and that the garage or shed was in need of painting in violation of C.C.O. 369.15. The notice gave Montclair LLC until December 16, 2020 to correct the violations.

{¶ 3} On February 11, 2022, plaintiff-appellee, the city of Cleveland (the "city"), filed a complaint against Montclair LLC in the Cleveland Municipal Court, Housing Division, alleging that Montclair LLC had failed to comply with the notice. On March 16, 2022, Montclair LLC entered a plea of not guilty on all counts.

{¶ 4} On January 11, 2023, the parties reached a plea agreement. Montclair LLC agreed to plead no contest to ten counts of failure to comply in violation of C.C.O. 3103.25(e), a first-degree misdemeanor. In exchange, 192 counts of the same violation, i.e., one count for each day in which Montclair was noncompliant with the notice, were nolled. After considering the city's proffer of evidence, the housing court found Montclair LLC guilty of the ten counts of failure to comply.

{¶ 5} On March 1, 2023, the housing court conducted a sentencing hearing. Mayukh Babu appeared as a representative for Montclair LLC at the sentencing hearing.

{¶ 6} At the sentencing hearing,[1] a housing court specialist presented a presentence-investigation report to the housing court.[2] The report consisted of information Babu and Montclair LLC had provided to the housing court specialist prior to the hearing,[3] as well as information the housing court specialist had obtained as a result of his own independent investigation. The report included

---

[1] This summary of what occurred at the sentencing hearing is based on a joint statement of proceedings submitted pursuant to App.R. 9(C).

[2] It is unclear from the record whether the housing court specialist submitted a written presentence-investigation report or merely provided an oral report to the housing court at the sentencing hearing. No written presentence-investigation report was included in the record forwarded to this court on appeal.

[3] In its appellate brief, Montclair LLC asserts that, during the presentence investigation, "Montclair [LLC] was required to provide, among other things, the address and property information [for] all properties owned by [Babu]." Montclair LLC indicated that "[t]o ensure candor with the [h]ousing [c]ourt," "it complied with the request" and disclosed the 3305 W. 111th Street property and the 10325 Bernard Avenue property, which are "owned and managed under separate limited liability companies."

information about the 3006 Montclair Avenue property owned by Montclair LLC and two other properties owned by other, separate entities: (1) 3305 W. 111th Street in Cleveland, owned by 3305 W. 111th LLC ("W. 111th LLC") and (2) 10325 Bernard Avenue in Cleveland, owned by 10325 Bernard Avenue LLC ("Bernard LLC") (collectively, the "other properties").[4]

{¶ 7} The housing court specialist advised the housing court that he had inspected all three properties and he presented his findings, including the current status of the violations at 3006 Montclair Avenue, other conditions that he thought warranted repair at 3006 Montclair Avenue and his assessment of the conditions at the 3305 W. 111th Street and 10325 Bernard Avenue properties.

{¶ 8} After hearing from the housing court specialist, the city and counsel for Montclair LLC, the housing court sentenced Montclair LLC to two years of active community-control sanctions and stayed a maximum potential fine of $50,000. As terms and conditions of Montclair LLC's community control, the housing court ordered Montclair LLC to (1) remedy all violations at the 3006 Montclair Avenue, W. 111th Street and 10325 Bernard Avenue properties, (2) obtain rental registrations and lead certifications or exemptions for each of the properties, (3) allow the housing court specialist to conduct internal and external inspections of the properties, (4) keep all three properties clean and free of junk and debris and (5) prepare and submit monthly repair and maintenance reports for each of the

---

[4] Babu was reportedly the sole owner of each of these entities.

properties to the housing court specialist. The housing court also ordered Babu to attend a landlord clinic and indicated that none of the properties could be sold, gifted or otherwise transferred during the period of community control without the approval of the housing court.

{¶ 9} On April 6, 2023, the trial court issued a written sentencing judgment entry and order (the "sentencing entry"). The sentencing entry set forth the terms and conditions of Montclair LLC's two years of active community-control sanctions, the "stayed" $50,000 maximum potential fine and incorporated an "attached property list" that identified the properties the housing court considered to be "properties owned" by Montclair LLC for purposes of the sentencing entry. These properties included not only the property that was the subject of the complaint — the 3006 Montclair Avenue property — but two other properties that were not, in fact, owned by Montclair LLC: (1) the 3305 West 111th Street property, whose "deeded owner" was identified on the attached property list as W. 111th LLC and (2) the 10325 Bernard Avenue property, whose "deeded owner" was identified on the attached property list as Bernard LLC.

{¶ 10} The terms and conditions included, among other things, a requirement that Montclair LLC "clean all of the properties * * * and keep them free from all junk, debris, and dumping," that Montclair LLC "submit a repair and maintenance plan" every 30 days for all the properties, that Montclair LLC allow a building department inspector to conduct an interior and exterior inspection of the properties and a prohibition on the sale, gift or transfer of any of the properties on

the "attached property list." The sentencing entry stated that "failure to substantially comply" with the terms and conditions of community control could result in the imposition of "more restrictive community control sanctions," including "increased community control for up to five years" and financial sanctions of up to $50,000. The sentencing entry further stated that "[s]elling properties without permission of the Court is an AUTOMATIC VIOLATION of the ORDER of the Court and will result in a community control violation hearing."

{¶ 11} Montclair LLC appealed, raising the following three assignments of error for review:

> Assignment of Error I: The trial court erred when it imposed numerous community control sanctions on W. 111th LLC and Bernard LLC without providing those entities with any notice or any opportunity to be heard, as required by due process.

> Assignment of Error II: The trial court erred when it sentenced W. 111th LLC and Bernard LLC because the trial court did not have jurisdiction over the entities.

> Assignment of Error III: The trial court erred when it imposed unreasonable community control sanctions on W. 111th LLC and Bernard LLC as part of Montclair's sentence.

{¶ 12} Montclair LLC's assignments of error are interrelated. Accordingly, we address them together.

**Law and Analysis**

{¶ 13} In its assignments of error, Montclair LLC contends that the housing court erred, "[p]rocedurally and constitutionally," in "extend[ing] Montclair [LLC]'s sentence" to include the other properties and to punish and restrict the

"fundamental property rights" of W. 111th LLC and Bernard LLC without providing W. 111th LLC and Bernard LLC notice and "an opportunity to speak in their defense." It contends that W. 111th LLC and Bernard LLC were denied due process and that the portions of the sentencing judgment entry that impose sanctions against W. 111th LLC and Bernard LLC "are inherently void" due to lack of personal jurisdiction because neither entity was served with a notice of violation or complaint or voluntarily submitted to the housing court's jurisdiction. Montclair LLC also argues that the housing court abused its discretion when it "unreasonably and arbitrarily" imposed community-control sanctions that exceeded both the housing court's "general sentencing guidelines" and the housing court's statutory authority to include properties owned by W. 111th LLC and Bernard LLC.

{¶ 14} The city responds that "[f]or judicial economy," when sanctioning a defendant for a housing code violation, "the Housing Court requests information on all properties controlled by the offender, not just those properties owned by the defendant in name" and that it then "brings community control sanctions toward all properties owned by the [d]efendant" so that it "can ensure compliance for more properties owned, managed, or controlled by a party who has been charged with a violation of the City Codes." The city maintains that its placement of community control conditions was a proper exercise of the housing court's statutory sentencing authority and that "Housing Court Criminal Rule 2(S) contemplates other properties owned by a defendant in the [c]ity."

**Standing**

{¶ 15} As an initial matter, we note that the only appellant in this case is Montclair LLC. W. 111th LLC and Bernard LLC were not parties to the proceeding below and are not parties to this appeal. However, in its first and second assignments of error and also, in part, in its third assignment of error, it is the rights of W. 111th LLC and Bernard LLC — rather than its own rights — that Montclair LLC contends have been violated.

{¶ 16} An appeal is permitted only to correct errors injuriously affecting an appellant. *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.*, 140 Ohio St. 160, 42 N.E.2d 758 (1942), syllabus. A party does not ordinarily have standing to prosecute an appeal to protect the rights of a third party, and an appellant may not generally assign as error errors committed against a nonappealing party. *See, e.g., UBS Fin. Servs. v. Lacava*, 8th Dist. Cuyahoga No. 106256, 2018-Ohio-3165, ¶ 42; *Wells Fargo Bank, N.A. v. Kessler*, 10th Dist. Franklin No. 15AP-216, 2015-Ohio-5085, ¶ 22-23; *see also Mulqueeny v. Mentor Chiropractic Ctr., Inc.*, 11th Dist. Lake No. 2001-L-034, 2002 Ohio App. LEXIS 1671, 4-5 (Apr. 12, 2002) ("An appealing party is not permitted to vicariously assert that a non-party's constitutional due process rights were violated."). However, an appealing party may complain of an error committed against another when the error is prejudicial to the rights of the appellant. *Lacava* at ¶ 42. In other words, to have standing to raise an error on appeal, a party must generally assert its own rights rather than the rights of a third

party.  *Id.*, citing *Util. Serv. Partners, Inc. v. Pub. Util. Comm. of Ohio*, 124 Ohio St.3d 284, 2009-Ohio-6764, 921 N.E.2d 1038, ¶ 49.

{¶ 17} Although neither party has raised the issue, because standing is jurisdictional, a court may raise it sua sponte.  *See, e.g., In re $75,000.00 United States Currency (Katz)*, 2017-Ohio-9158, 101 N.E.3d 1209, ¶ 45 (8th Dist.) ("'[T]he issue of standing is jurisdictional and may be raised by the court sua sponte.'"), quoting *State v. Langston*, 6th Dist. Lucas No. L-12-1014, 2012-Ohio-6249, ¶ 7. Accordingly, we consider Montclair's LLC assignments of error only to the extent that the assignments of error claim error that injuriously affects Montclair LLC.

**Terms and Conditions of Community Control**

{¶ 18} In cases involving building or housing code violations, "the primary goal of the court is to correct the violation and bring the property into compliance with all building codes, rather than punish the defendant for misconduct." *Cleveland v. Pentagon Realty, L.L.C.*, 133 N.E.3d 580, 583, 2019-Ohio-3775, ¶ 9 (8th Dist.); *Cleveland v. Schornstein Holdings, L.L.C.*, 2016-Ohio-7479, 73 N.E.3d 889, ¶ 19 (8th Dist.).  To achieve that goal, the housing court has broad discretion in fashioning a sentence to determine the most effective way to bring about compliance.  *Pentagon Realty* at ¶ 10; R.C. 2929.22(A), 2929.25, 2929.27. However, that discretion is not limitless.  Community control conditions must not be overbroad and must be reasonably related to the goals of community control, e.g., rehabilitation of the defendant, administering justice, protection of the community

and ensuring good behavior. *See, e.g., Pentagon Realty* at ¶ 11, 13; *N. Olmsted v. Rock*, 8th Dist. Cuyahoga No. 105566, 2018-Ohio-1084, ¶ 32, 34.

{¶ 19} The city maintains that the trial court acted within its discretion by "incorporating" the 3305 West 11th Street and 10325 Bernard Avenue properties "into the community control sanctions of 3006 Montclair LLC" because (1) Montclair "provided the information used to sanction W. 111th LLC and Bernard LLC" (when ordered to do so by the housing court), (2) "the ownership and maintenance of the Montclair, Bernard, and W. 111th properties are reasonably related due to a common owner known to the Court," (3) "the potential for future criminality is significantly lessened for having these properties in community control because the Court can ensure that the properties are fully compliant before releasing them from these sanctions" and (4) although the other entities "have not been charged with a crime," "served, arraigned, or sentenced," "these LLCs are not being sanctioned with intent to punish, but to bring the properties into compliance in an expedient fashion."

{¶ 20} This court addressed a similar issue in *Cleveland v. United States Bank Natl. Assn.*, 8th Dist. Cuyahoga No. 108195, 2019-Ohio-3776. In that case, U.S. Bank, in its individual corporate capacity was named in a 25-count complaint, charging it with violating C.C.O. 3103.25(e) for failing to repair or demolish a single-family home it owned that was located on Puritas Avenue in Cleveland. *Id.* at ¶ 2. The bank pled no contest to the complaint and was sentenced to a five-year term of community-control sanctions and ordered to pay a $100,000 fine. *Id.* In its

judgment entry setting forth the sentence, including the terms and conditions of community control, the housing court ordered U.S. Bank to provide a list of all real property it "owns or controls," including properties for which the bank served only as a trustee. *Id.* at ¶ 3, 6. U.S. Bank appealed. While U.S. Bank argued that the housing court had erred in ordering it to provide such a list, the city maintained that the housing court's placement of community control conditions on the bank's trust properties was a proper exercise of the housing court's statutory sentencing authority. *Id.* at ¶ 4-5, 8.

{¶ 21} This court concluded that "because U.S. Bank was charged in its individual corporate capacity, the housing court only had authority to order U.S. Bank to provide a list of its properties within the city of Cleveland and village of Bratenahl that it owns in its individual corporate capacity," which did "not include [properties] U.S. Bank serves, holds, or controls as trustee." *Id.* at ¶ 12.

{¶ 22} This court explained:

In this case, U.S. Bank was charged in its individual corporate capacity, not as trustee. This distinction is important because U.S. Bank, as a corporate individual, and U.S. Bank, as trustee, are two separate persons. *See generally Cleveland v. Deutsch Bank Natl. Trust Co.*, 8th Dist. Cuyahoga No. 99944, 2014-Ohio-1948. In *Deutsch Bank*, this court found that an entity cannot be found criminally liable in its individual capacity for a property it owns as trustee. *Deutsch Bank* applies here — U.S. Bank in its individual corporate capacity cannot be liable for property its holds as trustee.

* * * *[A] court only has jurisdiction over the person or entity before it — the court cannot impose community control sanctions against a nonparty.* By requiring U.S. Bank to provide a list of all the properties it holds or controls as trustee, the housing court is effectively ordering an entity that was not a defendant to the underlying criminal action to

> abide by a court order and be subject to criminal liability. The housing court was without authority to impose this condition of community control.

(Emphasis added.) *Id*. at ¶ 10-11. This court modified the trial court's judgment and remanded the case for further proceedings. *Id*. at ¶ 12.

{¶ 23} The sole defendant in this case was Montclair LLC — not Babu, not "the ownership group" that "controlled" Montclair LLC and not West 111th LLC or Bernard LLC. Montclair LLC, Babu, West 111th LLC and Bernard LLC are all separate legal persons. *See, e.g., Firstmerit Bank, N.A. v. Wash. Square Ents*., 8th Dist. Cuyahoga No. 88798, 2007-Ohio-3920, ¶ 15 ("Limited liability companies are entities separate and distinct from their owners."); *Gundel v. Whalen Lawn & Landscaping, LLC*, 5th Dist. Stark No. 2021CA00128, 2022-Ohio-2763, ¶ 23 (a limited liability company is a separate entity from its members); *Bridge Health Care Partners, LLC v. LTAH Real Estate Holdings, LLC*, 7th Dist. Jefferson No. 21 JE 0010, 2022-Ohio-1053, ¶ 45 (same); R.C. 1706.04(A) ("A limited liability company is a separate legal entity.").

{¶ 24} In this case, as terms and conditions of its community-control sanctions, Montclair LLC was ordered, among other things, to repair and maintain properties it did not own, to submit repair and maintenance plans for properties it did not own and to allow an inspector to conduct interior and exterior inspections of properties it did not own. It was also subject to sanctions for violation of community control if properties it did not own were sold or otherwise transferred without the permission of the housing court.

{¶ 25} The city does not address *U.S. Bank* in its appellate brief and cites no legal authority whatsoever supporting its claim that the housing court (1) had authority to impose community-control sanctions against a nonparty and (2) had authority to impose restrictions or requirements on Montclair LLC relating to properties owned by nonparties as a term or condition of Montclair LLC's community control. None of the cases the city cites in support of its position involves a situation in which nonparties (or properties owned by nonparties) were "incorporated" into a sentence imposed on a defendant. *Cf. Deutsche Bank*, 2014-Ohio-1948, at ¶ 15 ("Liability, whether civil or criminal, can only be imposed against the entity that owns the property.").

{¶ 26} We sustain Montclair LLC's third assignment of error, in part. The housing court erred and abused its discretion to the extent that it imposed restrictions or requirements relating to properties owned by other entities as a term or condition of Montclair LLC's community control. The housing court's judgment is modified to remove any terms or conditions related to West 111th LLC or Bernard LLC or any properties owned by West 111th LLC or Bernard LLC.

{¶ 27} Judgment modified and remanded.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court, Housing Division, to carry this judgment into execution.

Case remanded for the trial court to issue a journal entry consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR