[Cite as *Garg v. Scott*, 2024-Ohio-1595.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ANUP GARG, ET AL.,                      :

     Relators,                          :

                            No. 113583

     v.                                 :

HONORABLE W. MONA SCOTT,
JUDGE,                                  :

     Respondent.                        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRITS DENIED
**DATED:** April 19, 2024

---

Writs of Prohibition and Mandamus
Order No. 573679

---

### *Appearances:*

The Lindner Law Firm LLC and Daniel F. Lindner, *for relators*.

Montgomery Jonson LLP, Lisa M. Zaring, and Cooper D. Bowen, *for respondent*.

EILEEN T. GALLAGHER, J.:

{¶ 1} On January 23, 2024, the relators, Anup Garg and John Doe Entities 1-200,[1] commenced this mandamus and prohibition action against the respondent, Judge W. Mona Scott, to prohibit the respondent judge in the underlying case, *Cleveland v. City Redevelopment, L.L.C.*, Cleveland M.C. No. 2022-CRB-1788, from compelling Garg to identify all the entities that he owns that own real property in the city of Clevland and from imposing any type of community control, sanction, or penalty of any kind upon the relators. On January 24, 2024, this court issued an alternative writ as follows:

> The respondent judge shall not require the defendant, including Anup Garg, to disclose all of his companies that own property in the city of Cleveland or by February 15, 2024, to show cause by what authority she has to require such disclosure, to order investigations of said companies for housing violations, and to use evidence of any such violations as a basis for a community control violation by the defendant company in the underlying case.

The order further allowed the relators to file a response by February 29, 2024. After granting a continuance, the parties filed their evidence and briefs. This court has reviewed the filings, the evidence, and the law. This matter is now ripe for resolution.

---

[1] The John Doe entities are those entities owned by Garg, such as a limited liability company, that owns real property in the city of Cleveland.

# PROCEDURAL AND FACTUAL BACKGROUND

{¶ 2} Garg's business includes buying property in the city of Cleveland, rehabilitating the homes, and then selling or renting the property. Garg is the sole member of City Redevelopment L.L.C. (hereinafter "the Company"). In 2018, the Company acquired the property at 1371 West Boulevard, Cleveland, Ohio, (hereinafter "the Property") to rehabilitate it and rent it for profit. In March 2018, the Company obtained a construction permit to replace the front porch and steps. However, the city of Cleveland Landmarks Commission intervened and stopped construction. Nevertheless, the city of Cleveland Building Department in December 2021 issued violations, and in March 2022 the city prosecutor commenced the underlying case against only the Company.

{¶ 3} During the summer of 2022, the Company, Garg, the landmarks commission, and the building department worked out a solution, and the Company completed the rehabilitation. However, the underlying criminal case was not dismissed. Additionally, the Company transferred the Property to 1371 West Boulevard, L.L.C., which is also solely owned by Garg.

{¶ 4} To resolve the underlying case, the Company entered a plea to two first-degree misdemeanors of failure to comply. During a sentencing hearing on November 30, 2023, the respondent judge learned that Garg owned between 100 to 150 pieces of property in the city of Cleveland through LLCs. She then expressed the intent to have Garg submit all the properties he owns in Cleveland to the court to make sure that the properties are in compliance. (Nov. 30, 2023, tr. 15.) The judge

reasoned that if she has jurisdiction over the Company, she has jurisdiction over the owner of the Company and through him all of his properties, including his LLCs that are in Cleveland.

> That is to make sure that all the properties are in code compliance, that's to make sure there is writ of registration if they are occupied, lead safe certification if they are occupied, that they don't have outstanding violations, that Mr. Garg, on behalf of City Redevelopment or another LLC, is before this Court under community control. * * * We do this to make sure that all properties are in compliance because the sole purpose of community control is to make sure recidivism doesn't occur, one, and then to make sure that while you're on community control, the entity on community control, that there's no new cases, which is an automatic violation of the court's community control sanction.

(Nov. 30, 2023, tr. 17.) The Company's attorney objected, arguing that housing court did not have the jurisdiction to add new entities into the case and make their actions as part of the Company's community control. The respondent judge stayed sentencing until January 25, 2024.

{¶ 5} The relators then commenced the present mandamus and prohibition action. They allege that the respondent judge would impose community-control sanctions against Anup Garg and all of his other owned entities that own real property in the city of Cleveland. Such action would ignore corporate formalities that limited liability companies are separate entities and that she would exceed her jurisdiction to make such entities parties to the underlying case.

{¶ 6} At the January 25, 2024 sentencing, the respondent judge limited the sentence to the Company. She noted that the maximum sentence for the two first-degree misdemeanors would be a $10,000 fine and five years of community

control. She imposed a $2,000 fine and stayed the other $8,000 and put the Company on two years of community control. The sentencing entry in paragraph four ordered the Company "not to sell, gift, or transfer the properties it owns within the City of Cleveland while on community control without approval of the Court. [SEE ATTACHED PROPERTY LIST]" (Capitalization in the original.) During the hearing, she noted however, that "I will reserve the right to modify this sentencing order once this navigates its way through the Eighth District Court of Appeals * * *." (Jan. 25, 2024, tr. 16.) Furthermore, in paragraph 12 of the sentencing entry, she included the following: "Defendant was informed that the Court reserves the right to modify the Sentencing Order after completion of ordered interior and exterior inspections of the Defendant's properties." The Company appealed this order on February 20, 2024. *Cleveland v. City Redevelopment, L.L.C.,* 8th Dist. Cuyahoga No. 113651.

## LEGAL ANALYSIS

{¶ 7} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 295 N.E.2d 659 (1973); *State ex rel.*

*Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist. Cuyahoga No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994). Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953).

{¶ 8} Moreover, mandamus will not issue to compel the observance of law generally. *State ex rel. Tillimon v. Weiher,* 65 Ohio St.3d 468, 605 N.E.2d 35 (1992). Nor will mandamus issue to remedy the anticipated nonperformance of a duty. *State ex rel. Home Care Pharmacy, Inc. v. Creasy,* 67 Ohio St.2d 342, 423 N.E.2d 482 (1981).

{¶ 9} The principles governing prohibition are also well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct

mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.,* 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940); and *Reiss v. Mun. Court of Columbus*, 145 N.E.2d 447 (2d Dist. 1956). Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988); and *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 668 N.E.2d 996 (8th Dist.1995). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997).

{¶ 10} The relators argue that ordering nonparty Garg to disclose all of the properties he owns through other corporate entities to ensure their compliance with Cleveland ordinances as a condition of community control for the Company violates the principles of corporation law. "Limited liability companies are entities separate and distinct from their owners." *First Merit Bank, N.A. v. Wash. Square Ents.,* 8th Dist. Cuyahoga No. 88798, 2007-Ohio-3920, ¶ 15. Shareholders, officers, and directors of a corporation are generally not liable for the debts of the corporation.

*Dombroski v. Wellpoint, Inc.,* 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538, ¶ 16. The shareholder must be distinguished from the corporate entity. Only in egregious and rare cases may the corporate distinctions be set aside. The relators further argue that in criminal matters, without lawful charges and proper service, the respondent judge lacks personal jurisdiction over the relators.

{¶ 11} The respondent judge replies that because she sentenced only the Company to community control and did not require Garg to disclose his other companies that own properties in Cleveland, the matter is moot. She has territorial jurisdiction over the city of Cleveland and subject-matter jurisdiction over housing violations. Furthermore, a trial court has discretion to impose conditions of community control aimed at preserving the interests of justice, protecting the community, and rehabilitating the offender. Such conditions must be reasonably related to the crime for which the offender was convicted and relates to conduct that is criminal and serves the ends of community control. *Cleveland v. Pentagon Realty, L.L.C.*, 2019-Ohio-3775, 133 N.E.3d 580 (8th Dist.). The respondent judge submits that requiring a list of properties from the person who really controls them effects a number of goods: upholding the housing stock, eliminating recidivism, ensuring the safety of the community, eliminating a "shell game of who owns the property," and helping the real owner "get a grip" on all his properties.

{¶ 12} R.C. 2929.25(A)(1)(a) provides that in sentencing an offender for a misdemeanor, the court may directly impose a sentence of one or more community-control sanctions as provided by other statutes, such as a financial sanction, and

"any other conditions of release under a community control sanction that the court considers appropriate." Division (B) provides that if community-control sanctions are imposed pursuant to division (A)(1)(a), "the sentencing court retains jurisdiction over the offender for the duration of the period of community control." Moreover, upon the court's own motion and in its sole discretion, the court "may modify the community control sanctions or conditions of release previously imposed, substitute a community control sanction * * * for another community control sanction * * * or impose an additional community control sanction." Division (C)(2) continues: "In the interest of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender." R.C. 2929.27(C) allows the court to impose any other sanction that is intended to discourage the offender or other persons from committing a similar offense if the sanction is reasonably related to the overriding purposes and principles of misdemeanor sentencing.

{¶ 13} Similarly, Cleveland Municipal Housing Court Rule 2.18 provides that if the court, after notice and hearing determines that a defendant has violated community-control sanctions, it may impose additional community-control sanctions. Section 3 of the Appendix to Local Rule 2.18 requires an offender to "provide the court with a list of all real property the offender owns or controls. Unless the Court orders otherwise, the list shall include all property, whether located in Cleveland, Ohio, or elsewhere and shall include the offender's residence." Section

4 of this Appendix requires the offender to keep all of the offender's properties in good repair.

{¶ 14} Because the Revised Code grants the respondent judge broad powers and discretion in imposing and increasing community-control sanctions and because the judge herself reserved the right to modify the sentencing order once this matter navigates its way through the Eighth District Court of Appeals, this court concludes that this matter is not moot.

{¶ 15} This court has considered these community-control sanctions. In *Cleveland v. United States Bank Natl. Assn.,* 8th Dist. Cuyahoga No. 108195, 2019-Ohio-3776, U.S. Bank pleaded no contest to 25 first-degree misdemeanors for failing to repair or demolish a single-family house it owned in Cleveland; each day of noncompliance was a separate offense. The Cleveland Municipal Housing Court imposed a $100,000 fine and five-year period of community control. The community-control sanctions included, inter alia, keeping all properties owned by U.S. Bank located within the city of Cleveland in good repair and in compliance with local codes. The community control order also incorporated Loc.R. 2.18 and the Appendix to Loc.R. 2.18 with its language that it applies to all real property the offender owns or controls whether located in Cleveland, Ohio or elsewhere. U.S. Bank appealed and in its only assignment of error argued that the housing court exceeded its own jurisdictional authority by ordering the bank to provide a list of all the properties it owns or controls, even if outside the city of Cleveland.

{¶ 16} This court sustained the bank's assignment of error. This court held that "insofar as the housing court's order attempts to impose an obligation for U.S. Bank to provide a list of all real property it owns outside the territorial jurisdiction of the housing court, we find that this term and condition of community control bears no reasonable connection to the housing court's stated community control goal of maintaining properties in its jurisdiction." *Id.* at ¶ 7. This court also held that the community-control sanction did not extend to properties that U.S. Bank owned, held, or controlled as a trustee. This court reasoned that a court only has jurisdiction over the person or entity before it. A court cannot impose community-control sanctions against a nonparty. "[B]ecause U.S. Bank was charged in its individual corporate capacity, the housing court only had authority to order U.S. Bank to provide a list of its properties within the city of Cleveland and village of Bratenahl that it owns in its individual corporate capacity." *Id.* at ¶ 12.

{¶ 17} In *Cleveland v. 3006 Montclair Avenue, L.L.C.,* 8th Dist. Cuyahoga No. 112659, 2024-Ohio-1274, Cleveland charged 3006 Montclair Avenue, L.L.C., ("Montclair LLC") with approximately 200 counts of failure to comply with housing ordinances at the subject address, each day being a separate violation. Montclair LLC pleaded guilty to ten counts of failure to comply, and the city nolled the other counts.

{¶ 18} As part of the presentencing investigation, Montclair LLC was required to provide the address and property information for all properties owned by Mayukh Babu, who apparently owned Montclair LLC, but was not a named

defendant. Montclair LLC complied with the request and disclosed two other properties owned by two other companies, 3305 W. 111th L.L.C. ("W. 111th LLC") and 10325 Bernard Avenue L.L.C. ("Bernard LLC").

{¶ 19} The Cleveland Municipal Housing Court sentenced Montclair LLC to two years of community-control sanctions and stayed the maximum potential fine of $50,000 and ordered Montclair LLC to (1) remedy all violations at the 3006 Montclair Avenue, W. 111th Street and 10325 Bernard Avenue properties, (2) obtain rental registrations and lead certifications or exemptions for each of the properties, (3) allow the housing court specialist to conduct internal and external inspections of the properties, (4) keep all three properties clean and free of junk and debris, and (5) prepare and submit monthly repair and maintenance reports for each of the properties.

{¶ 20} Montclair LLC appealed, raising the following three assignments of error for review:

> Assignment of Error I: The trial court erred when it imposed numerous community control sanctions on W. 111th LLC and Bernard LLC without providing those entities with any notice or any opportunity to be heard, as required by due process.
>
> Assignment of Error II: The trial court erred when it sentenced W. 111th LLC and Bernard LLC because the trial court did not have jurisdiction over the entities.
>
> Assignment of Error III: The trial court erred when it imposed unreasonable community control sanctions on W. 111th LLC and Bernard LLC as part of Montclair's sentence.

**{¶ 21}** Noting that an appealing party may complain of an error committed against another when the error is prejudicial to the rights of the appellant, this court considered the assignment of error. As in the present case, being held responsible for the actions of another person could be prejudicial to the rights of the defendant. After weighing the broad discretion a court has in imposing community control and the differences in corporate entities, this court ruled as follows: "The housing court erred in and abused its discretion to the extent that it imposed restrictions or requirements relating to properties owned by other entities as a term or condition of Montclair LLC's community control." *3006 Montclair Avenue, L.L.C.,* 8th Dist. Cuyahoga No. 112659, 2024-Ohio-1274, ¶ 26.

**{¶ 22}** Similarly, in *Cleveland v. Pentagon Realty, L.L.C.,* 8th Dist. Cuyahoga No. 108146, 2019-Ohio-3775, this court on appeal ruled that requiring a company to provide its tax returns and monthly bank statements for three specified years as a community-control sanction was an abuse of discretion because it bore no relation to the goals of community control. The concurring opinion in *Cleveland v. S.W. Invests., L.L.C.,* 8th Dist. Cuyahoga Nos. 112485, 112486, and 112683, 2024-Ohio-1271, recognized that the standard for reviewing the imposition of community-control sanctions is an abuse of discretion and then considered whether a community-control sanction prohibiting the transfer of real property was an abuse of discretion.

**{¶ 23}** *Cleveland v. Pentagon Realty L.L.C., Cleveland v. S.W. Invests., L.L.C., Cleveland v. United States Bank Natl. Assn., and Cleveland v. 3006*

*Montclair Avenue, L.L.C.,* show that the ordinary means of contesting a community-control sanction is through appeal. Specifically, Montclair shows that the rights of independent entities can be protected through the defendant's appeal. Thus, appeal presents an adequate remedy at law precluding the issuance of an extraordinary writ.

{¶ 24} Furthermore, mandamus is a poor vehicle to review the propriety of community control sanctions. The standard of review for a community-control sanction is an abuse of discretion. Mandamus will not issue for an abuse of judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus,* 33 Ohio St.3d 118, 515 N.E.2d 914 (1987), *supra.*

{¶ 25} This court noted that because the community-control sanction statutes allow for modification of the sentence and because the respondent judge explicitly reserved the right to subject the Garg entities to the Company's community-control sanctions, this matter is not moot. On the other hand, the dispute may not be fully ripe either. The Garg entities are not yet subject to the community-control sanctions and may never be. The court is confident that the respondent judge will welcome the clarification of the law in *U.S. Bank,* 8th Dist. Cuyahoga No. 108195, 2019-Ohio-3776, and *Montclair L.L.C.,* 8th Dist. Cuyahoga No. 112659, 2024-Ohio-1274. Mandamus does not issue to compel observance of the law generally, and it does not issue to remedy the anticipated nonperformance of a duty.

{¶ 26} Similarly, prohibition is not an appropriate remedy. There is no doubt that the respondent judge had subject-matter jurisdiction over housing offenses and to impose community-control sanctions. She also has territorial jurisdiction over any property in Cleveland once the city of Cleveland files a housing code case. The issue of a writ of prohibition based on an alleged lack of personal jurisdiction is very rare. It should be premised upon a complete failure to comply with the minimum-contacts requirement of constitutional due process. *State ex rel. Downs v. Panioto*, 107 Ohio St.3d 347, 2006-Ohio-8, 839 N.E.2d 911, and *State ex rel. Suburban Constr. Co. v. Skok,* 85 Ohio St.3d 645, 710 N.E.2d 710 (1999).

{¶ 27} Accordingly, this court denies the application for writs of mandamus and prohibition. Relators to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 28} Writs denied.

_____
EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN A. GALLAGHER, J., CONCUR