[Cite as *Cleveland v. City Redevelopment, L.L.C.*, 2024-Ohio-5213.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                    :

    Plaintiff-Appellee,          :

                             No. 113651

    v.                                  :

CITY REDEVELOPMENT LLC,               :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; REVERSED IN PART; AND REMANDED
**RELEASED AND JOURNALIZED:** October 31, 2024

---

Civil Appeal from the Cleveland Municipal Court
Housing Division
Case No. 2022-CRB-001788

---

### *Appearances:*

Mark Griffin, Cleveland Director of Law, and Melissa Pastor, Assistant Director of Law, *for appellee.*

The Lindner Law Firm, LLC, and Daniel F. Lindner, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, City Redevelopment LLC ("the Company"), appeals the community-control sanctions imposed by the Cleveland Municipal Housing Court. The Company raises the following assignment of error for review:

The trial court's imposition of a sentence that prohibits the sale of a historically renovated property is an abuse of discretion, as this punishment is not reasonably related to rehabilitating the offender, has no relationship to the crime of which the offender was convicted, and has no relation to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of community control.

{¶ 2} For the reasons set forth below, we affirm in part, reverse in part, and remand.

## I. Facts and Procedural History

{¶ 3} The underlying factual and procedural history of the matter before us has been previously set forth by this court in *Garg v. Scott*, 2024-Ohio-1595 (8th Dist.), a writ of mandamus and prohibition action commenced by Anup Garg and John Doe Entities 1-200 against Judge W. Mona Scott of the Cleveland Municipal Housing Court:

> On January 23, 2024, the relators, Anup Garg and John Doe Entities 1-200, commenced this mandamus and prohibition action against the respondent, Judge W. Mona Scott, to prohibit the respondent judge in the underlying case, *Cleveland v. City Redevelopment, L.L.C.*, Cleveland M.C. No. 2022-CRB-1788, from compelling Garg to identify all the entities that he owns that own real property in the city of Cleveland and from imposing any type of community control, sanction, or penalty of any kind upon the relators. On January 24, 2024, this court issued an alternative writ as follows:
>
> > The respondent judge shall not require the defendant, including Anup Garg, to disclose all of his companies that own property in the city of Cleveland or by February 15, 2024, to show cause by what authority she has to require such disclosure, to order investigations of said companies for housing violations, and to use evidence of any such violations as a basis for a community control violation by the defendant company in the underlying case.

The order further allowed the relators to file a response by February 29, 2024. After granting a continuance, the parties filed their evidence and briefs. . . .

Garg's business includes buying property in the city of Cleveland, rehabilitating the homes, and then selling or renting the property. Garg is the sole member of City Redevelopment L.L.C. (hereinafter "the Company"). In 2018, the Company acquired the property at 1371 West Boulevard, Cleveland, Ohio, (hereinafter "the Property") to rehabilitate it and rent it for profit. In March 2018, the Company obtained a construction permit to replace the front porch and steps. However, the city of Cleveland Landmarks Commission intervened and stopped construction. Nevertheless, the city of Cleveland Building Department in December 2021 issued violations, and in March 2022 the city prosecutor commenced the underlying case against only the Company.

During the summer of 2022, the Company, Garg, the landmarks commission, and the building department worked out a solution, and the Company completed the rehabilitation. However, the underlying criminal case was not dismissed. Additionally, the Company transferred the Property to 1371 West Boulevard, L.L.C., which is also solely owned by Garg.

To resolve the underlying case, the Company entered a plea to two first-degree misdemeanors of failure to comply. During a sentencing hearing on November 30, 2023, the respondent judge learned that Garg owned between 100 to 150 pieces of property in the city of Cleveland through LLCs. She then expressed the intent to have Garg submit all the properties he owns in Cleveland to the court to make sure that the properties are in compliance. (Nov. 30, 2023, tr. 15.) The judge reasoned that if she has jurisdiction over the Company, she has jurisdiction over the owner of the Company and through him all of his properties, including his LLCs that are in Cleveland.

> That is to make sure that all the properties are in code compliance, that's to make sure there is writ of registration if they are occupied, lead safe certification if they are occupied, that they don't have outstanding violations, that Mr. Garg, on behalf of City Redevelopment or another LLC, is before this Court under community control. * * * We do this to make sure that all properties are in compliance because the sole purpose of community control is to make sure recidivism doesn't occur, one, and then to make sure that while you're on community control, the entity on community control, that there's no new cases,

> which is an automatic violation of the court's community control sanction.
>
> (Nov. 30, 2023, tr. 17.) The Company's attorney objected, arguing that housing court did not have the jurisdiction to add new entities into the case and make their actions as part of the Company's community control. The respondent judge stayed sentencing until January 25, 2024.
>
> The relators then commenced the present mandamus and prohibition action. They allege that the respondent judge would impose community-control sanctions against Anup Garg and all of his other owned entities that own real property in the city of Cleveland. Such action would ignore corporate formalities that limited liability companies are separate entities and that she would exceed her jurisdiction to make such entities parties to the underlying case.
>
> At the January 25, 2024 sentencing, the respondent judge limited the sentence to the Company. She noted that the maximum sentence for the two first-degree misdemeanors would be a $10,000 fine and five years of community control. She imposed a $2,000 fine and stayed the other $8,000 and put the Company on two years of community control. The sentencing entry in paragraph four ordered the Company "not to sell, gift, or transfer the properties it owns within the City of Cleveland while on community control without approval of the Court. [SEE ATTACHED PROPERTY LIST]" (Capitalization in the original.) During the hearing, she noted however, that "I will reserve the right to modify this sentencing order once this navigates its way through the Eighth District Court of Appeals * * *." (Jan. 25, 2024, tr. 16.) Furthermore, in paragraph 12 of the sentencing entry, she included the following: "Defendant was informed that the Court reserves the right to modify the Sentencing Order after completion of ordered interior and exterior inspections of the Defendant's properties." The Company appealed this order on February 20, 2024. *Cleveland v. City Redevelopment, L.L.C.*, 8th Dist. Cuyahoga No. 113651.

*Id.* at ¶ 1-6.

{¶ 4} Because the housing court complied with the alternative writ issued on January 24, 2024, we denied prohibition and mandamus in *Garg*, finding that

the instant appeal is the better vehicle to review the propriety of community-control sanctions. *Id.* at ¶ 24, 28.

**{¶ 5}** Following the issuance of *Garg*, we now address the crux of this appeal — whether the housing court's imposition of community-control sanctions prohibiting the sale of the subject Property and any other properties the Company owns within the city, without approval of the court, is an abuse of discretion. We answer the question in the affirmative.

## II. Law and Analysis

**{¶ 6}** "The standard of review for a community-control sanction is an abuse of discretion." *Garg*, 2024-Ohio-1595, at ¶ 24 (8th Dist.); *see also Cleveland v. Meehan*, 2014-Ohio-2265, ¶ 7 (8th Dist.). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

**{¶ 7}** In *Cleveland v. Southwest Invests. L.L.C.*, 2024-Ohio-1271 (8th Dist.) (E.T. Gallagher, J., concurring in judgment only and Boyle, J., concurring with separate concurring-in-judgment-only opinion), the separate concurring opinion set forth the analysis for misdemeanor community-control sanctions as follows:[1]

---

[1] In *Southwest Invests.*, the appellant challenged the Cleveland Municipal Court's community-control sanction prohibiting the appellant from selling, conveying, gifting, and transferring any properties it owned in Cleveland. We affirmed the housing court's judgment on res judicata grounds and thus, did not address the substantive merits of the appeal. Judge E.T. Gallagher issued a separate concurring-in-judgment-only opinion joined by Judge Boyle recognizing that the overly broad sanctions imposed by the municipal court merely served to punish the appellant by restricting its control and ownership of properties that were in good condition. *Id.* at ¶ 46.

In fashioning a misdemeanor sentence, a trial court must consider the overriding purposes of misdemeanor sentencing "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). To achieve these purposes, "'the sentencing court shall consider the impact of the offense on the victim, the need to change the offender's behavior, the need to rehabilitate the offender, and the desire to make restitution to the victim and/or the public.'" *Cleveland v. Go Invest Wisely, L.L.C.*, 8th Dist. Cuyahoga Nos. 95172, 95173, 95174, 95175, 95176, and 95177, 2011-Ohio-3047, ¶ 8, *quoting State v. Downie*, 183 Ohio App.3d 665, 2009-Ohio-4643, 918 N.E.2d 218, ¶ 45 (7th Dist.), citing *In re Slusser*, 140 Ohio App.3d 480, 487, 2000-Ohio-1734, 748 N.E.2d 105 (3d Dist.2000).

R.C. 2929.25 governs misdemeanor community-control sanctions. The statute provides a trial court with two options when sentencing a misdemeanor offender: (1) directly impose a sentence that consists of one or more community-control sanctions authorized by R.C. 2929.26, 2929.27, or 2929.28; or (2) impose a jail sentence, suspend some or all of that sentence, and place the offender under a community-control sanction or combination of community-control sanctions authorized under R.C. 2929.26, 2929.27, or 2929.28. R.C. 2929.25(A)(1)(a)-(b).

. . .

Relevant to this appeal, R.C. 2929.27(C) permits the court to "impose any other sanction that is intended to discourage the offender or other persons from committing a similar offense if the sanction is reasonably related to the overriding purposes and principles of misdemeanor sentencing." However, in cases involving building or housing code violations, "the primary goal of the court is to correct the violation and bring the property into compliance with all building codes, rather than punish the defendant for misconduct." [*Cleveland v. Pentagon Realty, L.L.C.*, 2019-Ohio-3775, ¶ 9 (8th Dist.)]; *Cleveland v. Schornstein Holdings*, L.L.C., 2016-Ohio-7479, 73 N.E.3d 889, ¶ 19 (8th Dist.). To achieve that goal, the housing court has broad discretion in "fashioning a sentence to determine the most effective way to bring about compliance." *Id.* at ¶ 10; R.C. 2929.22(A), 2929.25, and 2929.27. And yet, that discretion is not limitless. As stated, community-control conditions must not be overbroad and must be reasonably related to the goals of community control, e.g., rehabilitation of the defendant, administering justice, protection of the community, and ensuring good behavior. *See, e.g., Pentagon Realty* at ¶ 13; *N. Olmsted v. Rock*, 8th Dist. Cuyahoga No. 105566, 2018-Ohio-1084, ¶ 32, 34.

> To determine whether a condition of community control is reasonably related to these goals, "courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of [community control]." *State v. Jones*, 49 Ohio St.3d 51, 53, 550 N.E.2d 469 (1990). All three prongs of the *Jones* test must be satisfied for the reviewing court to find that the trial court did not abuse its discretion. *Solon v. Broderick*, 8th Dist. Cuyahoga No. 107043, 2018-Ohio-4900, ¶ 8.

*Id.* at ¶ 36-37, 39-40.

{¶ 8} In applying the *Jones* test to the circumstances in the instant case, we begin by emphasizing that at the time of sentencing, the building code violations on the Property had been corrected and the city conceded that the Company was in full compliance at appellate oral argument. Indeed, the record is clear that the Company purchased a dilapidated house and renovated it to code, and the construction delays were due to the city's Landmarks Commission. Thus, the primary goal of misdemeanor sentencing was satisfied in this matter — the violations were corrected and the Property was brought into full compliance with all building codes. *See Pentagon Realty.*

{¶ 9} Turning to the conditions implemented, we recognize that the court is afforded broad discretion under R.C. 2929.27(C). After careful consideration, however, we are unpersuaded by the city's suggestion that the order prohibiting the Company from selling or transferring the subject Property, which is in full compliance, and its other properties, which have not been cited by the city, is reasonably related to the goals of community control.

{¶ 10} First, the prohibition of the sale of the subject Property in this case does not share some relationship to the failure-to-comply convictions because the Property was in full compliance at the time of sentencing. As previously mentioned, the city conceded this fact at oral argument. In addition, the ban on any other properties owned by the Company in the city also does not share a relationship with the underlying offenses charged in this case. The Company pled to two counts of failure to comply after more than three years in construction delays that were due to the city's Landmarks Commission, who wanted the front porch rail of the Property to be installed two inches lower than the city's building code permits. There is no correlative connection between the facts supporting the Company's convictions in this case and the ban placed on the Company's ability to sell its other properties in the city. Thus, we cannot conclude that the lawful sale or transfer of the subject Property or the Company's other properties is reasonably related to the risk of future criminality. The court's order in this case prohibiting the Company from selling or transferring the subject Property, as well as any unrelated properties that are lawfully owned and in compliance with all pertinent statutes and ordinances, is unreasonable under the *Jones* test.

{¶ 11} Lastly, the sale and transfer prohibition on the Company's other properties serves no rehabilitative purpose in this case. Here, there is no articulable basis to conclude that a restriction on the Company's ability to lawfully sell and transfer property is reasonably related to restoring or otherwise improving the Company's functionality in the city.

**{¶ 12}** Thus, based on the facts of this case, we find that the restriction on the sale of the subject Property and any other of the Company's properties is an abuse of discretion. While we recognize the court's efforts to protect the community, the record before us does not suggest that the Company had any pending concerns in municipal court. Rather, the record suggests the opposite — the Company purchased a dilapidated house in the city and completely renovated the house, despite years of delay by the city's Landmarks Commission, and was in full compliance with the city's code at the time of sentencing.

**{¶ 13}** Accordingly, the sole assignment of error is sustained in part and overruled in part.

**{¶ 14}** Judgment affirmed in part, modified in part, and remanded for the trial court to issue a new sentencing entry modifying the Company's sentence by deleting only the portion of community-control sanction requiring the Company to "not to sell, gift, or transfer the properties it owns within the city of Cleveland while on community control without approval of the Court." The remaining portions of the Company's community-control sanctions are affirmed.

Costs waived.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of
Appeals.)